1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE L. MURRAY,

                Plaintiff,

      v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. C15-5749-JCC

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION**

Michelle L. Murray seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Ms. Murray contends the ALJ erred by failing to properly address her alleged impairments of uticaria and globus at step two of the five-step disability evaluation process.[1] Dkt. 14 at 3. She further contends the ALJ erred by misevaluating the opinion of Michael Manning, M.D. as well as her own credibility and the lay witness testimony. *Id.* Ms. Murray contends that these errors resulted in a residual functional capacity (RFC) determination that failed to account for all of her limitations. *Id.* Ms. Murray further argues that this matter should be remanded for payment of benefits or, alternatively, for further administrative proceedings. Dkt. 14 at 18. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 1

## BACKGROUND

In August 2011, Ms. Murray applied for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI), alleging disability as of August 5, 2008. Tr. 18, 227-238. Ms. Murray's applications were denied initially and on reconsideration. Tr. 104-126. After the ALJ conducted a hearing on August 6, 2013, the ALJ issued a decision finding Ms. Murray not disabled. Tr. 18-28.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Ms. Murray has not engaged in substantial gainful activity since August 5, 2008, the alleged onset date.

**Step two:**  Ms. Murray has the following severe impairments: asthma with history of episodic heat-induced anaphylaxis.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:**  Ms. Murray can perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can frequently push and pull with the upper and lower extremities; frequently climb, balance, stoop, kneel, and crouch; occasionally crawl; she should avoid concentrated exposure to extreme temperatures, wet and humid environments, pulmonary irritants, and hazards, including unprotected heights and moving machinery.

**Step four:**  Ms. Murray cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Ms. Murray can perform, she is not disabled.

Tr. 20-28. The Appeals Council denied Ms. Murray's request for review making the ALJ's decision the Commissioner's final decision. Tr. 1-6.[4]

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[4] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 2

# DISCUSSION

## A. Step Two

At step two, Ms. Murray had the burden to show (1) she has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1508.

To be medically determinable, a physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings. *Id.* Signs are anatomical, physiological, or psychological abnormalities that can be observed, apart from the claimant's statements; signs must be shown by medically acceptable clinical diagnostic techniques. 20 C.F.R. § 404.1528(b). Laboratory findings are anatomical, physiological, or psychological phenomena that can be shown by the use of medically acceptable laboratory diagnostic techniques. 20 C.F.R. § 404.1528(c). Symptoms are the claimant's own descriptions of his physical or mental impairment. 20 C.F.R. § 404.1528(a). However, a claimant's statement of symptoms alone is not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1508, 404.1528(a).

Evidence from an acceptable medical source is required to establish the existence of a medically determinable severe impairment. 20 C.F.R. § 404.1513(a). Acceptable medical sources include licensed physicians, either medical or osteopathic doctors. *Id.* Information from a medical source who is not an acceptable medical source cannot establish the existence of a

medically determinable severe impairment.  Social Security Ruling ("SSR")[5] 06-03p.  An impairment or combination of impairments is severe if it significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 404.1521(a).  An impairment or combination of impairments may be found "'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  *Smolen*, 80 F.3d at 1290 (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).  The claimant has the burden of proving his "impairments or their symptoms affect [his] ability to perform basic work activities."  *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).

      Ms. Murray contends Michael Manning, M.D. "diagnosed [her] with uticaria on July 12, 2013" and that the ALJ erred in failing to discuss this impairment in his step two findings.  Dkt. 14 at 4.  The Court disagrees.  Contrary to Ms. Murray's contention, Dr. Manning's report indicates only that Ms. Murray related a history of swelling and itching but does not diagnose her with uticaria.  Tr. 524.  In fact, the record specifically notes that, at the time of the evaluation, Ms. Murray has "[n]o uticaria."  *Id.*  Ms. Murray points to no other objective medical evidence of uticaria and her statement of symptoms alone are insufficient to establish a medically determinable impairment.  20 C.F.R. § 404.1508, 404.1528(a).  Moreover, Ms. Murray fails to identify any specific limitations affecting her ability to perform basic work activities stemming from her alleged uticaria.  Accordingly, Ms. Murray fails to establish the ALJ erred in failing to consider uticaria a severe medically determinable impairment at step two.

---

[5] SSRs do not have the force of law.  Nevertheless, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators.  20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001).  Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 4

Ms. Murray also contends Julie A. Wendt, M.D. "diagnosed [her] with globus on February 17, 2012" and that the ALJ erred in failing to acknowledge the diagnosis and dismissing globus as a "mild reaction" or symptom. Dkt. 14 at 5; Tr. 23. The Court disagrees. While globus is mentioned in the "Assessment/Plan" section of a treatment note by Dr. Wendt, it is not listed as a formal diagnosis. Tr. 443. Moreover, the reference to globus in Dr. Wendt's record appears to be based solely on Ms. Murray's own mention of "a globus sensation in her throat." Tr. 440. Ms. Murray points to no other objective medical evidence of globus and her statement of symptoms alone are insufficient to establish a medically determinable impairment. 20 C.F.R. § 404.1508, 404.1528(a). Moreover, Ms. Murray fails to identify any specific limitations affecting her ability to perform basic work activities stemming from her alleged globus. Accordingly, Ms. Murray fails to establish the ALJ erred in failing to consider globus a severe medically determinable impairment at step two.

**B.   Ms. Murray's Credibility**

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.; see also Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

Ms. Murray argues the ALJ erred in discounting her credibility. Dkt. 14 at 6-10. The Court disagrees. The ALJ provided several reasons[6] for rejecting Ms. Murray's subjective

---

[6] The ALJ also provided several other reasons for discounting Ms. Murray's credibility which are of more questionable validity. However, the Court need not reach those reasons because, even if erroneous, their inclusion in the ALJ's credibility finding is at most harmless. *See Carmickle v.*

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 5

testimony which are valid and supported by substantial evidence.

Specifically, the ALJ discounted Ms. Murray's credibility in part based on her statement to a provider in April 2012 that "she was uncertain of whether she wanted to return to work or not as this might 'mess up her chances of getting disability.'" Tr. 23 (citing Tr. 484). The ALJ found that this statement, along with other evidence, "implies the information provided by the claimant is unreliable[.]" *Id.* The ALJ reasonably determined that this statement undermined Ms. Murray's claim that she was unable to work because her impairments prevented her from doing so. *See Light v. Soc. Sec. Admin.*, 19 F.3d 789, 792 (9th Cir. 1996) (in evaluating a claimant's credibility, the ALJ may consider "his reputation for truthfulness" as well as "inconsistencies either in his testimony or between his testimony and conduct"); *see also Bruton v. Massanari,* 268 F.3d 824, 828 (9th Cir.2001) (ALJ properly discounted claimant's credibility in part due to fact that he left his job for reasons other than his alleged impairment). Ms. Murray does not challenge this reason for discounting her credibility and it is valid and supported by substantial evidence.

The ALJ also discounted Ms. Murray's credibility on the grounds that her application for unemployment benefits which "requires that an individual be able and available to work, while not conclusive or decisive of the issue, is not consistent with an allegation of disability." Tr. 25. "Continued receipt of unemployment benefits does cast doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working." *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). Here, Ms. Murray acknowledged applying for unemployment benefits and receiving them from early 2010 to the second quarter of 2011, a period during

---

*Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir.2008) (including an erroneous reason among other reasons is at most harmless error if the other reasons are supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination).

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 6

which she claims to have been disabled and unable to work. Tr. 71. Ms. Murray does not challenge this reason for discounting her credibility and it was reasonable for the ALJ to consider this factor in evaluating her credibility.

The ALJ also discounted Ms. Murray's credibility on the grounds that "objective findings, diagnostic studies, treatment modalities, and treatment record on the whole illustrate the claimant's limitations are not debilitating." Tr. 23. A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Here, the ALJ noted that physical examinations were consistently unremarkable, showing "no rales, rhonchi [or] wheezing" no "shortness of breath or chest tightness" and that pulmonary function test demonstrated only a mild obstruction of the small airway but "no signs of restrictions." Tr. 440, 453, 524, 525, 532, 538. It was reasonable for the ALJ to find these clinical findings inconsistent with Ms. Murray's allegations of disabling breathing difficulties including that she experienced "wheezing and coughing" due to chronic severe asthma "all of the time." Tr. 93. Accordingly, the ALJ did not err in discounting Ms. Murray's credibility on this basis.

The ALJ also noted the lack of medical evidence supporting Ms. Murray's claims of disabling symptoms. Tr. 23. Although "subjective pain [and other symptom] testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of a claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also* SSR 96-7, 2-3 (the ALJ "must consider the entire case record, including the objective medical evidence" in determining credibility, but statements "may not be disregarded solely because they are not

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 7

1   substantiated by objective medical evidence."). Specifically, the ALJ noted that the medical

2   records reflect Ms. Murray has never been hospitalized or intubated for asthma or anaphylaxis,

3   that she was last seen in the emergency room in 2006 or 2007, and that physicians consistently

4   observed her to be well developed, well nourished, and in no acute distress. Tr. 23, 416, 417,

5   440, 441. The ALJ also found it significant that "[t]reating and examining physicians have not

6   observed the advanced functional restrictions and complete prostration alleged by claimant." Tr.

7   23. While not dispositive on its own, the ALJ also properly considered the lack of supporting

8   medical evidence as a factor, among others, in evaluating Ms. Murray's credibility.

9       In sum, Ms. Murray fails to establish error as the ALJ provided several valid reasons

10   supported by substantial evidence for discounting her credibility.

11   **C.     Medical Opinion Evidence, Michael Manning, M.D.**

12       Ms. Murray argues the ALJ erred in discounting Dr. Manning's opinion. Dkt. 14 at 10-

13   11. The Court disagrees.

14       In general, more weight should be given to the opinion of a treating physician than to a

15   non-treating physician, and more weight to the opinion of an examining physician than to a

16   nonexamining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where a treating

17   or examining doctor's opinion is not contradicted by another doctor, it may be rejected only for

18   clear and convincing reasons. *Id.* Where contradicted, a treating or examining physician's

19   opinion may not be rejected without "specific and legitimate reasons supported by substantial

20   evidence in the record for so doing." *Id.* at 830-31.

21       Dr. Manning submitted a medical source statement in July 2013 in which he indicated

22   that,

23           Looking back at previous records that [Ms. Murray] provided, she has
        been evaluated for allergic reactions when she has been exposed to

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 8

> excessive temperature situations with also exertion. … We have been unable to document any specific trigger at this time outside of her history of situations where temperatures tend to be elevated and she is exerting. We have been unable to test for any specific triggers, as she has been unable to stop her medications. We have been hoping to get in vitro tests done to help define if there is anything in the environment or any food that is contributing to her reactions. It is my opinion that Ms. Murray will have difficulty maintaining any type of employment until we can better define what is triggering her reactions.

Tr. 521. The ALJ gave little weight to this opinion on the grounds that it is "quite vague and conclusory in nature, as there is no explanation of the evidence relied upon in forming that opinion." Tr. 24. The ALJ also notes that Ms. Murray was initially seen in February 2012 and that almost 18 months later, the objective testing was still not done. *Id.* "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Ms. Murray argues that the lack of objective testing supporting Dr. Manning's opinion was due to her inability to pay for treatment. Dkt. 14 at 11. However, she does not dispute the ALJ's finding that Dr. Manning's opinion, as it stands, is brief, conclusory and inadequately supported by clinical findings. Dr. Manning's opinion itself indicates that he had been unable to perform objective testing to properly evaluate Ms. Murray's condition. Thus, the Court finds the ALJ's rejection of Dr. Manning's opinion on this basis was valid and supported by substantial evidence.

**D.     Lay Witnesses**

The ALJ gave "some weight" to the lay statements of Ms. Murray's friends Donald Shumaker and Wendy Collins. Tr. 25. The ALJ credited both witnesses' "observations and accounts of the claimant's anaphylactic reactions, including hives, itching, wheezing, and swelling." *Id.* Both witnesses described allergic reactions connected with increased temperature

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 9

1  and that, when Ms. Murray had a reaction, her symptoms were greatly improved by

2  administering the Epipen.  Tr. 379-80, 409.  In assessing the RFC the ALJ determined that Ms.

3  Murray "should avoid concentrated exposure to extreme temperatures, wet and humid

4  environments, pulmonary irritants, and hazards, including unprotected heights and moving

5  machinery."  Tr. 21.  Ms. Murray fails to point to any specific functional limitations identified by

6  the lay witnesses that the ALJ failed to reasonably account for in the RFC.  Moreover, even if the

7  ALJ did not give germane reasons for not fully crediting the lay witness testimony, the testimony

8  as to the nature and severity of Ms. Murray's symptoms is essentially the same as that of Ms.

9  Murray herself, which the ALJ did give clear and convincing reasons for rejecting.  *See Molina*

10  *v. Astrue*, 674 F.3d 1104 (9th Cir. 2012) ("Although the ALJ erred in failing to give germane

11  reasons for rejecting the lay witness testimony, such error was harmless given that the lay

12  testimony described the same limitations as [the claimant's] own testimony, and the ALJ's

13  reasons for rejecting [the claimant's] testimony apply with equal force to the lay testimony.").

14  As several of the reasons given for rejecting Ms. Murray's testimony apply with equal force to

15  that of the lay witnesses, any error in evaluating the lay testimony was harmless.

16  **E.      RFC**

17         Ms. Murray argues the ALJ "grossly understated [her] allergic reactions when only

18  limiting [her] to concentrated exposure to temperatures, irritants, fumes, odors, dusts and gases."

19  Dkt. 14 at 13.  However, Ms. Murray fails to point to specific evidence that the ALJ did not

20  either accept or properly reject, indicating she is limited to a greater extent than provided in the

21  RFC.  As the Court has already determined the ALJ did not err in evaluating the evidence

22  discussed above, Ms. Murray also fails to establish error with respect to the RFC.

23

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION - 10

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 30th day of August 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE